UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.

GARNEL J. CELESTIN

        Plaintiff(s),

v.

NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK,

        Defendant.

## COMPLAINT

Plaintiff, GARNEL J. CELESTIN ("Plaintiff"), sues the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK ("AMTRAK" or "Defendant"), and alleges:

1. This is an action to recover money damages for unpaid overtime under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Defendant AMTRAK is for profit corporation, that operates a passenger railroad service that provides medium and long-distance inter-city rail service in the contiguous United States and to nine cities in Canada headquartered in Washington D.C., and at all times material hereto were and is engaged in interstate commerce.

4. Plaintiff is a resident of Seminole County, Florida, and is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5. Plaintiffs has retained the undersigned attorneys to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

6. This action is brought by Plaintiffs to recover from AMTRAK unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). AMTRAK is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, AMTRAK operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and AMTRAK obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of AMTRAK was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

8. By reason of the foregoing, AMTRAK is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiffs and those similarly situated was and/or is engaged in interstate commerce for AMTRAK. AMTRAK' business activities involve those to which the Act applies. AMTRAK is a company that provides support to healthcare facilities throughout the country, including but not limited to, the maintenance of medical testing equipment, and through its business activity, affects interstate commerce. Plaintiffs' work for AMTRAK likewise affects interstate commerce. Plaintiff is employed by AMTRAK as an electrician.

## COUNT I: WAGE AND HOUR VIOLATION AGAINT AMTRAK BY ADOLPH PLAINTIFF

9. Plaintiff re-adopts each factual allegation as stated in paragraphs 1-9 above as if set out in full herein.

10. Plaintiff has been employed by the Defendant an electrician since April 2008.

11. Plaintiff worked as a coverage electrician, where he provided coverage for all the electricians who were out from the date of his hire until approximately October 2020.

12. While employed by AMTRAK, Plaintiff worked 40 (forty) hours per week straight time which he was compensated for, overtime some of which he was compensated for, and an additional amount of overtime which he was not compensated for.

13. For each pay period, Plaintiff was a portion of wages that was designated as overtime at a rate of one and a half time his regular rate of $31.80[1], but each two-week pay period there was portion of time over 80 hours that he was paid straight time.

14. On average Plaintiff worked 5.9 hours a week of unpaid overtime.

---

[1] During the period of time referenced in this Complaint, Plaintiff's rate if pay increased from $30.73 per hour to $32.84 per hour. For purposes of this complaint an average rate of pay is used.

15. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his unpaid wages is as follows:

    A. Overtime Wages from May 2019 through October 2020 (78 weeks)

        i. $31.80 x .5 x 5.9 x 78 = $7,317.80.

    B. Total: $7,317.80, Liquidated Damages: $7,317.80, Grand Total: $14,634.36 plus reasonable attorney's fees and costs.

16. AMTRAK failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in Plaintiff performed services and worked in excess of the maximum hours provided by the Act both on-call and actively working, but no provision was made by the AMTRAK to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

17. AMTRAK knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff since the commencement of his employment with AMTRAK as set forth above, and Plaintiff is entitled to recover double damages.

18. AMTRAK willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of his employment with AMTRAK.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Garnel J. Celestin requests that this Honorable Court:

    A. Enter judgment against AMTRAK on the basis of AMTRAK's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

    B. Award actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest;

and

C. Award an equal amount in double damages/liquidated damages; and

D. Award reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues so triable as of right.

Dated: May 11, 2022.

Respectfully submitted,

**s/Brandon J. Gibson**
Brandon J. Gibson (FBN: 0099411)
E-mail: bgibson@rtrlaw.com
REIFKIND, THOMPSON, & RUDZINSKI, LLP
3333 W. Commercial Blvd, Ste. 200
Ft. Lauderdale, Florida 33309
Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff*